UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MENA,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN HIGH SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00650 AWI JLT<br><br>ORDER GRANTING MOTION TO STAY<br><br>(Doc. 8) |

Before the Court is Plaintiff's motion to stay the action. (Doc. 8) The basis for this motion is that Plaintiff is maintaining an action against the defendants in state court based upon the same factual circumstances as this federal court action. Id. at 1-3. However, the state court action does not contain the 42 U.S.C. § 1983 cause of action that this federal action contains. Id. Counsel reports he discovered that his earlier appraisal of the case related to the § 1983 cause of action was incorrect. Id. Initially, he believed Plaintiff could not maintain a § 1983 cause of action to vindicate a First Amendment right. Id. Due to the running of the statute of limitations and his inability to file the motion to amend the state court action to include this claim within the limitation period, Plaintiff filed his second action in this Court. Id.

Plaintiff has filed his motion to amend to include the § 1983 action in the state court case. (Doc. 11 at 2) The hearing on this motion will be on October 18, 2013. Id.

///

1

## II. Motion to Stay

### A. Legal Standards

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55)).

The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The decision whether to grant or deny a stay is committed to the discretion of the Court. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Here, there seems to be no prejudice if the matter is stayed to determine whether the § 1983 will be joined with the remaining causes of action already going forward in state court. Moreover, if the motion is granted, this would result in a reduction in the number of actions defendants would have to defend and this is a benefit to them and preserves limited judicial resources.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The motion to stay (Doc. 8) is **GRANTED** through November 1, 2013;
2. Plaintiff **SHALL**:

   a. File a status report **no later than November 1, 2013** detailing the results of the motion to amend the complaint in the state court action or, if the motion is granted, Plaintiff SHALL file a request for dismissal **no later than November 1, 2013**;

      b.    In the event the motion to amend the complaint in the state court action is denied, Plaintiff SHALL file proof of service of the summons and complaint on the defendants **no later than November 8, 2013**.

3.    The scheduling conference is **CONTINUED** to **December 12, 2013** at 9:30 a.m.

IT IS SO ORDERED.

Dated:   **September 30, 2013**                **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE