# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MENA,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN HIGH SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00650-BAM (PC)<br><br>ORDER VACATING HEARING OF FEBRUARY 26, 2016<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, AS BARRED BY CLAIM PRECLUSION |

Currently pending before the Court is Defendant Melissa Boatman's motion to dismiss this action as barred on res judicata grounds. Pursuant to the briefing schedule established by the Court, Defendant Boatman filed her motion on December 10, 2015. (Docs. 59, 61). Plaintiff Robert Mena opposed the motion on January 15, 2016, and Defendant Boatman replied on February 10, 2016. (Docs. 62, 63). The Court deems the matter suitable for resolution without oral argument and the hearing scheduled for February 26, 2016, is HEREBY VACATED. The motion is deemed submitted pursuant to Local Rule 230(g).

**I.     Procedural Background**

Plaintiff commenced the instant federal action pursuant to 42 U.S.C. § 1983 on May 2, 2013. (Doc. 1). Shortly thereafter, on August 4, 2013, Plaintiff sought a stay of this action on the grounds that he intended to request an amendment of a related state court action to add a claim pursuant to 42

1

U.S.C. § 1983. (Doc. 8 at 3). Plaintiff informed the Court that he had filed an action in Kern County Superior Court, *Robert Mena v. Kern High School District, John Ferguson, Melissa Boatman*, S-1500-CV-275683. (Doc. 8-1 at 1 and Ex. 1). In his motion to stay, Plaintiff described the state court action to involve the following:

> an investigation by Plaintiff into a comment made by an 18 year old student in his class at Arvin High School to the effect that the student had impregnated a 13 year old girl who had been brought from Mexico to be his girlfriend. Plaintiff questioned the student, spoke with the Arvin High Police Officer, and spoke with administration. Plaintiff then filed a report with CPS as he is mandated to do under state law. The next day, Plaintiff was transferred to a different school and Plaintiff has testified that he was told the reason was due to the fact [he was] more interested in having someone arrested. At the end of the school year Plaintiff was informed by KHSD administrative staff that he would not be rehired for the upcoming school year because he should have left the incident involving the 18 year old student alone.

Doc. 8-1 at 1-2. Plaintiff explained that the state court action did not include a section 1983 claim because counsel initially believed such a claim was precluded by *Garcetti v. Cebalos*, 547 U.S. 410 (2006). (Doc. 8-1 at 2). Plaintiff further explained that following the deposition of Melissa Boatman in the state court action, Plaintiff moved to amend the state court complaint to add factual allegations related to purported Labor Code violations. The motion was set for hearing on May 24, 2013. After filing the motion to amend, Plaintiff's counsel conducted research and determined that *Garcetti* was inapplicable and a 1983 claim "could have been asserted in the motion to amend (but was not)." (Doc. 8-1 at 2). Counsel reported that the relevant research was completed on May 2, 2013, the date the federal action was filed to preserve the claim in light of the statute of limitations. Subsequently, the state court judge granted the then-pending motion to amend the complaint to include Labor Code violations and related factual allegations. (Doc 8-1 at 2).

In moving to stay the federal action in August 2013, Plaintiff notified this Court that his counsel would be filing a new motion to amend in the state court action to add a section 1983 claim, "which would render [the instant federal action] duplicative." (Doc. 8 at 3). Plaintiff requested that the stay continue until such time as Plaintiff's state court claim had been tried or such time as Plaintiff determined this matter could be voluntarily dismissed as "duplicative" due to the addition of his section 1983 claim to the state court action. (Doc. 8 at 3).

On September 30, 2013, the Court granted the requested stay of the federal action through November 1, 2013. (Doc. 12). The stay was extended several times and subsequently lifted on April 1, 2014, after Plaintiff informed the Court that he had filed a third amended complaint in the state court action and the state court granted a demurrer as to Plaintiff's section 1983 claim. (Docs. 14, 16, 18-20).

On April 10, 2014, Plaintiff filed a first amended complaint in the instant federal action, which named Melissa Boatman as the sole defendant. (Doc. 28). Defendant Boatman answered the amended complaint on May 20, 2014. (Doc. 29).

On October 26, 2015, Plaintiff's state court action proceeded to trial. The jury returned a verdict in favor of defendants, including Melissa Boatman, on November 2, 2015. Judgment was entered on November 3, 2015. (Doc. 61, Ex. C).

On November 10, 2015, following discussions with the parties related to the state court action and Defendant Boatman's position that this federal action should be dismissed based upon res judicata, the Court vacated the scheduled pretrial conference and trial dates. The Court also set a briefing schedule for Defendant Boatman's res judicata motion. (Doc. 58).

In December 2015, Defendant Boatman filed her motion in support of the applicability of res judicata barring Plaintiff's suit. (Docs. 59, 61). Plaintiff opposed the motion on January 15, 2016, and Defendant Boatman replied on February 10, 2016. (Docs. 62, 63).

**II.     Factual Allegations**

    **A. State Court Action – S-1500-CV-275683 DRL**

Plaintiff initiated his state court action on January 20, 2012. An amended complaint was filed on March 15, 2012, which was served on defendants Kern High School District ("KHSD"), John Ferguson and Melissa Boatman. In the operative third amended complaint, Plaintiff alleged as follows:

During 2011, Plaintiff was employed as a speech pathologist with Kern High School district and was working at Arvin High School and Liberty High School. On April 4, 2011, while working at Arvin High School, Plaintiff was advised by a student that the student had impregnated a thirteen-year-old girl from Mexico who was staying with the student's family.

3

1       Plaintiff contacted the Arvin High Police Officer on duty and advised him of what he had learned. Plaintiff also discussed the issue verbally and via email with employees of KHSD and Arvin High School, including Melissa Boatman. Ms. Boatman appeared angry over the entire incident. At the time, Plaintiff was a mandated reporter of child abuse pursuant to the California Penal Code. Plaintiff filed a report of child abuse with Child Protective Services relating to the student in question. Plaintiff advised the Arvin High School Vice Principal, Melissa Boatman, and others of the report.

      The following day, Plaintiff was transferred from Arvin High School to Highland High School. Plaintiff was advised by John Fegurson that the decision had nothing to do with Plaintiff's credential status. Plaintiff then talked with the Arvin High School Program Specialist and wanted to drive to Arvin High School to discuss the incident with the Program Specialist. Plaintiff was warned that if he came to Arvin High School he would be chased away by security. Plaintiff was told that Arvin High School's management team felt Plaintiff was not a "good fit" for the school. (Doc. 62-3, Ex. 4, Third Amend. Compl. ¶ 11). Plaintiff continued to perform his duties at Liberty High School.

      Plaintiff then went to the KHSD office and spoke with John Ferguson. Mr. Ferguson told Plaintiff that the primary reason for the Arvin High School management team's decision to have Plaintiff transferred was that they felt Plaintiff was more interested in having someone arrested than doing his job.

      Eventually, Plaintiff was assigned to work solely at Liberty High School.

      On May 2, 2011, Plaintiff met John Ferguson at his KHSD office. Mr. Ferguson advised Plaintiff that he had spoken with Arvin High School management and they felt Plaintiff "went beyond what was necessary" in making the report and it probably should have just been left alone. (Doc. 62-3, Ex. 4, Third Amend. Compl. ¶ 14). Mr. Ferguson then told Plaintiff he needed to seek employment elsewhere. Mr. Ferguson advised Plaintiff that he would not be rehired and that Arvin High School would give Plaintiff a bad recommendation if anyone inquired.

      Plaintiff's third amended complaint included five causes of action, including a fifth cause of action for violation of 42 U.S.C. § 1983. Defendants in the state court action filed a demurrer to Plaintiff's third amended complaint. The state court sustained the demurrer as to the section 1983 cause of action without leave to amend. (Doc. 62-3, Ex. 5).

**B. Federal Court Action – 1:13-cv-650-BAM**

Plaintiff initiated this action on May 2, 2013. In the operative first amended complaint, Plaintiff alleged as follows:

In 2011, he was employed as a speech pathologist with Kern High School District and working at Arvin High School. On April 4, 2011, an 18-year-old, male special education student advised Plaintiff that the student had impregnated a 13-year-old girl who had been brought from Mexico to be his girlfriend.

Plaintiff believed the issue involved potential human trafficking and potential statutory rape. Plaintiff contacted the Arvin High School police officer on duty and advised the officer of what he had learned. Plaintiff asserts that the report was not a part of his job duties and involved a matter of public concern.

On the same date, Plaintiff discussed the issue both verbally and by e-mail with employees of the school district and Arvin High School. One of the employees was Defendant Boatman, Vice Principal at Arvin High School and Plaintiff's supervisor. Plaintiff alleges that Defendant Boatman appeared angry over the entire incident. Defendant Boatman later stated that she was upset about Plaintiff discussing the incident with the Arvin High School police officer.

On April 5, 2011, Plaintiff was transferred from working at Arvin High School for the remainder of the school year. Plaintiff was advised by John Eldridge, the Arvin High School Special Education Program Specialist, that the school's management team, which included Defendant Boatman, felt Plaintiff was not a good fit for the school. Plaintiff continued to perform his duties as a speech pathologist for the school district until the end of the semester at different schools.

On April 5, 2011, Plaintiff went to the school district office and spoke with John Ferguson, the school district Special Education Manager. Mr. Ferguson told Plaintiff that the primary reason for the management team's decision to have Plaintiff transferred was "that they felt Plaintiff was more interested in having someone arrested than doing his job." (Doc. 28, ¶ 10).

On May 2, 2011, Mr. Ferguson called Plaintiff and asked to meet. Plaintiff met Mr. Ferguson at his office as requested. Mr. Ferguson advised Plaintiff that he had spoken with the high school management team and they felt Plaintiff "went beyond what was necessary" in relation to the events of

1  April 4, 2011, and it probably should have been left alone.  (Doc. 28 at ¶ 11).  Mr. Ferguson then told
2  Plaintiff that he needed to seek employment elsewhere, he was not being rehired and he would receive
3  a bad recommendation from Arvin High School if anyone required.

4  Plaintiff alleges that KHSD refused to rehire him.  Mr. Ferguson testified that he recommended
5  to personnel that Plaintiff not be rehired.  His reported reason for the recommendation was that the
6  Arvin High School administration, which included Defendant Boatman, felt uncomfortable with the
7  manner in which Plaintiff had handled the incident on April 4, 2011.  Plaintiff believes Defendant
8  Boatman's recommendation was the basis for the decision not to rehire him for the next school year.

9  Plaintiff asserts a single cause of action premised on a violation of 42 U.S.C. § 1983.

10 **III.     Discussion**
11     **A.  Relevant Legal Standards**
12         **1.  Motion to Dismiss**

13 Although Defendant does not identify the procedural mechanism for dismissing this action, the
14 Court notes that it may address the motion as one for judgment on the pleadings pursuant to Federal
15 Rule of Civil Procedure 12(c).  A judgment on the pleadings under Rule 12(c) is properly granted
16 when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a
17 matter of law.  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  The fact that the parties have
18 submitted documents from the state court proceedings outside of the pleadings in this action does not
19 require that the Rule 12(c) motion be converted into a motion for summary judgment.  While the
20 Court's review generally is limited to the contents of the complaint, the Court may consider matters of
21 judicial notice without converting the motion to dismiss into a motion for summary judgment.  *See Lee*
22 *v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Jarreau-Griffin v. City of Vallejo*, No. 2:12-
23 Cv-02979-KJM, KJN, 2014 WL 1491177, at *2 (E.D. Cal. Apr. 15, 2014) (court may consider matters
24 of judicial notice without converting the motion for judgment on the pleadings into a motion for
25 summary judgment).  In this instance, the state court records are subject to judicial notice.  *See Bias v.*
26 *Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

27 ///
28 ///

### 2. Res Judicata/Claim Preclusion

A federal court must look to the laws of the state where judgment was rendered when determining the preclusive effect of a state-court judgment. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892 (1984). Defendant argues that Plaintiff's section 1983 action is barred by California's res judicata, or claim preclusion, doctrine.[1] Claim preclusion in California applies if (1) the second lawsuit involves the same "cause of action" as the first, (2) the first lawsuit resulted in a final judgment on the merits, and (3) the party claim preclusion is being asserted against was a party, or in privity with a party, to the first lawsuit. *Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n*, 19 Cal.2d 807, 812 (1942); *Planning & Conservation League v. Castaic Lake Water Agency*, 180 Cal. App.4th 210, 226 (2009).

California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)) (quotation marks omitted). If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. *Id.* (citing *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983)) (quotation marks omitted).

### B.   Analysis

Here, there is no dispute that the state court action resulted in a final judgment on the merits as the jury rendered a verdict on Plaintiff's claims. There also is no dispute that Plaintiff, the party against whom claim preclusion is being asserted, was a party to the state court lawsuit. Thus, the sole

---

[1] The United States Supreme Court uses the term "res judicata" to refer both to claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). However, the California Supreme Court generally uses the term "res judicata" to refer to claim preclusion, and the term "collateral estoppel" to refer to issue preclusion. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 797, 108 Cal.Rptr.3d 806, 230 P.3d 342 (2010); *Green v. Central Mortg. Co.*, --- F.Supp.3d ---, 2015 WL 7734213, at *7 n.2 (N.D. Cal. Dec. 1, 2015). Here, Defendant moves to dismiss on the basis of claim preclusion. (Doc. 61 at 9).

issue for determination is whether Plaintiff's federal lawsuit involves the same "cause of action" as the state court action. *Planning & Conservation League*, 180 Cal. App.4th at 226.

Plaintiff's state court action was based on allegations that his mandatory report to the Campus Police officer wrongfully resulted in his transfer and non-retention as a speech pathologist. In other words, Plaintiff challenged the underlying cause or reason for his non-retention as an employee at Arvin High School and with KHSD. In the instant action, Plaintiff is pursuing an identical challenge to his transfer and non-retention by Arvin High School and KHSD. The Court therefore finds that this action involves the same primary right as his state court action because the injury and wrong in both actions are identical; that is, Plaintiff claims he was wrongfully transferred and not retained as a speech pathologist because of his mandatory report of alleged statutory rape and human trafficking to an Arvin High School police officer. Because the actions involved the same injury to Plaintiff and the same wrong, then the same primary right is at stake even if Plaintiff now pleads a different theory of recovery. *Brodheim*, 584 F.3d at 1268. The critical focus of primary right is the harm suffered. By invoking the United States Constitution and section 1983, Plaintiff is merely presenting a new theory upon which he seeks recovery. *See Takahashi v. Board of Trustees of Livingston Union School Dist.*, 783 F.2d 848, 851 (9th Cir. 1986).

Plaintiff does not raise a dispute that the actions involve the same facts, allegations, underlying right or harm suffered. Rather, Plaintiff argues that res judicata is inapplicable because the standard of proof in the state court action differed from the standard of proof required in this section 1983 action. (Doc. 62 at 4). Plaintiff's argument is misplaced as it relates to arguments of collateral estoppel, or issue preclusion, rather than claim preclusion. The doctrine of issue preclusion is distinct from the doctrine of claim preclusion. Issue preclusion, unlike claim preclusion, examines shifts in the burdens of persuasion or by changes in the degree of persuasion required. *See Dias v. Elique*, 436 F.3d 1125, 1130 (9th Cir. 2006).

The Court therefore finds that Plaintiff's federal action is barred on grounds of claim preclusion and should be dismissed.

///

///

### III. Conclusion and Order

For the reasons stated, this action is HEREBY DISMISSED, with prejudice, as barred by claim preclusion. The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant Melissa Boatman and close this action.

IT IS SO ORDERED.

Dated: **February 24, 2016**              /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE